COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Lemons
Argued at Salem, Virginia


JOSE AUGUSTINE DELAROCHA

                                    MEMORANDUM OPINION[*] BY
v.     Record No. 1537-98-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         JUNE 1, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CRAIG COUNTY
                   Duncan M. Byrd, Jr., Judge

          Shirley B. Jamison for appellant.

          John H. McLees, Jr., Assistant Attorney
          General (Mark L. Earley, Attorney General,
          on brief), for appellee.


     Jose Augustine Delarocha (appellant) was convicted of

driving under the influence, in violation of Code § 18.2-266.

Appellant contends that the trial court erred in refusing to

suppress the evidence because he was not given <u>Miranda</u> warnings

at the scene.  For the following reasons, we affirm.

                              I.

     In reviewing the trial court's denial of the motion to

suppress, we view the evidence in the light most favorable to

the Commonwealth, granting to it all reasonable inferences

deducible therefrom.  <u>See</u> <u>Giles v. Commonwealth</u>, 28 Va. App.

527, 532, 507 S.E.2d 102, 105 (1998).  Although we review the

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

trial court's findings of historical fact only for "clear error," we review de novo the trial court's application of defined legal standards to the facts of the case.  See id.

An agreed statement of facts by the parties established that on September 13, 1997, Trooper Lloyd Craddock (Craddock) was dispatched to an automobile accident in the Little Cuba Section of Craig County.[1]  En route to the accident site, Craddock met a deputy who had been present at the accident scene and advised Craddock that appellant had been drinking.  When he arrived at the scene, Craddock saw appellant's truck "which had struck a tree."  At that time,

> [t]he trooper spoke with the driver, who advised the trooper that he had wrecked about 4:30 to 5:00 p.m., then he advised it was 5:00 p.m.  Driver Delarocha also advised the trooper he had nothing to drink since the accident.  The Commonwealth's Attorney asked the Trooper if when he first arrived if [sic] he noticed anything unusual about the physical condition of the defendant and the Trooper stated no.
>
> Delarocha then went on to advise the trooper that he had drunk 2-1/2 quarts, and that he had had his last drink somewhere on this road before he wrecked at 5:00 p.m.  He also advised the trooper that he had no handicaps, was not on medication and that he had gone through the 9th grade and had his GED.

---

[1]The record does not contain a transcript of the trial, but includes a written statement of facts signed by the trial judge.

-

Craddock had appellant perform several field sobriety tests, after which appellant was advised of the preliminary alcosensor and the implied consent law and placed under arrest.

II.

Appellant contends that the trial court erred by admitting his statements in evidence. He argues that at the time Craddock began questioning him at the scene of the accident, he was "in custody" for Miranda purposes and any evidence obtained prior to his being advised of his rights was inadmissible. We disagree.

In Miranda v. Arizona, 384 U.S. 436 (1966), the United States Supreme Court held that an individual must be warned before any questioning by police of his right to remain silent and his right to an attorney only when that "individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning." Id. at 478. However, the Supreme Court later observed that "police officers are not required to administer Miranda warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect. Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.'" Oregon v. Mathiason, 429 U.S. 492, 495 (1977). Additionally, Miranda does not affect "general questioning

-

of citizens in the fact-finding process." Pruett v. Commonwealth, 232 Va. 266, 271, 351 S.E.2d 1, 4 (1986). "The mere presence of an officer and the mere fact of an investigation does not invoke Miranda." Jordan v. Commonwealth, 216 Va. 768, 772, 222 S.E.2d 573, 577 (1976).

The present case is controlled by Nash v. Commonwealth, 12 Va. App. 550, 404 S.E.2d 743 (1991), a factually similar case. In that case, the defendant was involved in an automobile accident and was later arrested for driving under the influence of alcohol. When the police arrived at the scene of the accident, the defendant was found walking approximately one mile from his car. The police brought the defendant back to the scene and questioned him concerning the accident. During the investigation, the arresting officer learned how the accident occurred. He smelled alcohol on the defendant and noticed that the defendant's eyes were bloodshot. The officer asked the defendant whether he had been drinking, and the defendant stated that he had consumed five or six beers. After administering several field sobriety tests and an alcosensor test, the officer placed the defendant under arrest for driving under the influence. The officer then informed the defendant of the implied consent law and his Miranda rights. See id. at 551-52, 404 S.E. at 743-44.

The defendant filed a pretrial suppression motion, arguing that any statements he made before he was given his Miranda

-

rights were inadmissible.  Affirming the trial court's refusal to suppress the evidence, we held that the defendant was not "in custody" for Miranda purposes.  Id. at 553, 404 S.E.2d at 744. We reasoned:

> Custodial interrogation means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."  However, persons temporarily detained pursuant to routine traffic stops are not "in custody" for Miranda purposes.  In such cases, "the officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions" that the detainee has committed a crime.

Id. at 552, 404 S.E.2d at 744 (citations omitted) (emphasis added).  The record did not suggest that the defendant was forced or unwilling to return to the accident scene and answer the officer's investigatory questions.  Based on those facts, we concluded in Nash that the defendant's statements were properly admitted into evidence.  See id. at 553, 404 S.E.2d at 744.

In the instant case, the facts are essentially identical to the facts in Nash.  The statement of facts does not show that prior to Craddock arriving on the scene the deputies had taken appellant into physical custody or that appellant had remained on the scene because he had yielded to their show of authority. The record does not suggest that appellant was either forced or unwilling to talk to Craddock and, therefore, appellant was not

-

"in custody" for Miranda purposes.  The trooper had a reasonable suspicion that appellant had committed a traffic violation as his vehicle had struck a tree on the side of the road.  "Thus, he was entitled to ask [appellant] a moderate number of questions to determine [appellant's] identity and to confirm or dispel his suspicions regarding the accident."  Id.

Nevertheless, appellant argues that he was "in custody" for Miranda purposes because Trooper Craddock testified on cross-examination that appellant was not free to go.  We find this argument without merit.  Whether a suspect is "in custody" under Miranda "depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." Harris v. Commonwealth, 27 Va. App. 554, 564, 500 S.E.2d 257, 262 (1998) (citing Stansbury v. California, 511 U.S. 318, 323 (1994)).  "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."  Wren v. United States, 517 U.S. 806, 813 (1996).  "[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action."  Id. (citing Scott v. United States, 436 U.S. 128, 138 (1978) (interpreting United States v. Robinson, 414 U.S. 218 (1973))).

-

In the instant case, Craddock's "subjective belief" that appellant was not free to leave was not determinative of whether appellant was "in custody" for <u>Miranda</u> purposes.  The record demonstrates that appellant's statements were made during an informal interview that was conducted on the side of the road.  Craddock never told appellant he was not free to leave, nor did he draw a weapon, handcuff appellant or otherwise restrain appellant's freedom at the scene to the degree associated with a formal arrest.  Although there was a second police officer at the scene, the record is silent as to whether that deputy talked with appellant or had any interaction with him.  Moreover, the investigation took place at a neutral setting, namely, the site of the accident.

A review of all the circumstances establishes that appellant was not subjected to a custodial interrogation prior to his arrest.  Accordingly, no <u>Miranda</u> warnings were required, and the trial court did not err in refusing to suppress the evidence.  Appellant's conviction is affirmed.

<u>Affirmed.</u>

-